UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| MARTIN BURLEY, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6:  15-004-DCR |
| ) | |
| V. ) | |
| ) | |
| FEDERAL BUREAU OF PRISONS, et ) | **MEMORANDUM OPINION** |
| al., ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

*Pro se* Plaintiff Martin Burley is a federal inmate confined at the United States Penitentiary-McCreary ("USP-McCreary") in Pine Knot, Kentucky.  Burley has filed a civil rights Complaint pursuant to 28 U.S.C. § 1331 and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), [1] against the Federal Bureau of Prisons ("BOP") and several BOP and USP-McCreary officials and employees.  [Record No. 1]  Burley claims that all defendants have violated his constitutional rights, entitling him to a declaratory judgment, injunctive relief, and punitive damages.  [*Id.*]

The Court conducts a preliminary review of the Complaint because Burley is proceeding *in forma pauperis* and asserts claims against government officials.  28 U.S.C. §§ 1915(e)(2), 1915A.  A district court must dismiss any claim that is frivolous or malicious,

---

[1] Although Burley invokes 42 U.S.C. § 1983 [Record No. 1], this statute provides a cause of action for constitutional deprivations arising out of actions taken under color of state – not federal – law.  *Askew v. Bloemker*, 548 F.2d 673, 676-77 (6th Cir. 1976).  Accordingly, the Court construes Burley's Complaint under *Bivens*, 403 U.S. at 391.

-1-

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Burley's Complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage of the proceedings, the Court accepts the plaintiff's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court has given Burley's Complaint a liberal construction, and will evaluate any cause of action which can reasonably be inferred from the allegations he has made. For the reasons explained below, the Complaint will be dismissed because Burley's claims are barred by the applicable statute of limitations.

> In his Complaint, Burley asserts that he is:
>
> … alleging denial of right to petition any government official for redress of alleged grievances in violation of the First Amendment to the United States Constitution, deprivation of procedural due process, an unconstitutional prison regulations in violation of substantive due process under the Fifth Amendment to the United States Constitution.
>
> Also alleging deliberate indifference to the right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution, and retaliation for exercise of the right to petition any government official under the First Amendment to the United States Constitution.

[Record No. 1, p. 2]  It appears that Burley's claims involve: (1) his interactions with prison personnel, (2) the grievance process at USP-McCreary, (3) disciplinary sanctions imposed against him, (4) administrative appeals of his disciplinary proceedings and grievances, and (5) the failure of the BOP's Central Office to respond to one or more of his appeals.

To state a constitutional claim that is cognizable under *Bivens*, a plaintiff must plead and prove two essential elements. First, he must show the deprivation of a right secured by

-2-

the Constitution or laws of the United States.  Second, the claimant must demonstrate that the defendants allegedly depriving him of that right acted under color of federal law.  *Id.* at 397.  Burley has properly alleged these two elements regarding all of named defendants.

Federal law also requires prisoners to exhaust their administrative remedies prior to filing suit.  42 U.S.C. § 1997e(a).  The BOP's administrative remedy process is set forth in 28 C.F.R. §§ 524.10-19.[1]  Absent an unreasonable delay or extension, the BOP grievance process should ordinarily take no more than 140 days to complete after the prisoner commences the formal grievance process.  *Cuco v. Federal Medical Center-Lexington*, No. 05-CV-232-KSF, 2006 WL 1635668, at *26 (E.D. Ky. June 9, 2006).  During that time, the statute of limitations is tolled, provided the prisoner acts in a timely and diligent manner.  *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000).

Here, Burley claims that in 2012 and 2013, the defendants violated his constitutional rights under the First, Fifth, and Eighth Amendments as evidenced by the grievances, various Administrative Remedies, and appeals he filed in those years and as detailed in his Complaint and accompanying affidavit.  [Record Nos. 1; 1-1]   His affidavit contains an itemization (mostly in chronological order) of events occurring in 2012 and 2013, which appear to be the

---

[1] Under 28 C.F.R. § 542.13(a), an inmate must first present his complaint to the staff [Form BP-8], providing staff with an opportunity to correct the problem, before filing a request for an administrative remedy.  If the inmate cannot informally resolve his complaint, then he may file a formal written request to the Warden [Form BP-9].  *See* § 542.14(a).  If the inmate is not satisfied with the Warden's response, he may appeal to the Regional Director [BP-10], and may appeal that decision to the Office of General Counsel [Form BP-11].  *See* § 542.15.

The administrative procedure includes established response times.  § 542.18.  As soon as an appeal is accepted and filed, the Warden has 20 days to respond; the Regional Director, 30 days; and General Counsel, 40 days.  Only one extension of time of 20-30 days, in writing, is permitted the agency.  If the inmate does not receive a response within the allotted time, including extension, he may consider the absence of response as a denial at that level.  *Id.*

bases for his claims. The earliest date in this itemization is April 18, 2012. Burley states that, on that date, he submitted a BP-8 form to Counselor Partin. [Record No. 1-1, p. 10, ¶ 3] The most recent date is June 20, 2013, when Burley states that the Central Office notified him that it was extending its response time to an appeal from July 28, 2013, to August 17, 2013. [Record No. 1-1, p. 20, ¶ 124][2] Assuming the truthfulness of his allegations, Burley exhausted his administrative remedies prior to filing this action.

Burley's Complaint names the BOP in its official capacity. Of the remaining defendants, some are sued in both their official and individual capacities, which others are sued in their individual capacity. However, the Court need not reach the merit of these claims because they are barred under the relevant statute of limitations.

Because neither 42 U.S.C. § 1983 nor the judicially-crafted remedy under *Bivens* includes a limitations period, federal courts apply the most analogous statute of limitations of the state where the events giving rise to the cause of action occurred. *Wilson v. Garcia*, 471 U.S. 261, 268-71 (1985). The events which are the subject of Burley's Complaint occurred in Kentucky. Therefore, Kentucky's one-year statute of limitations applicable to personal injury claims applies. KRS § 413.140(1)(a); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003). Further, a claim accrues and the statute of limitations begins to run when a plaintiff knows, or has reason to know through the exercise of reasonable diligence, of the injury providing the basis for the claim. *Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005). A plaintiff need not know the full extent of his injuries before his claim accrues. Instead, he need only be

---

[2]   Burley states that in spite of the Central Office's notice to him that it was extending the response time to August 17, 2013, the Central Office never responded to his appeal. [Record No. 1-1, p. 20, ¶ 125]

sufficiently aware of the injury to put him on inquiry notice. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991).

Burley contends that the defendants violated his constitutional rights under the First, Fifth, and Eighth Amendments, as evidenced by the grievances, administrative remedies, and appeals he filed in 2012 and 2013. [Record Nos. 1, 1-1] As noted above, the earliest date in Burley's affidavit is April 18, 2012 (i.e., the date on which Burley states that he submitted a BP-8 form to Counselor Partin). And the most recent date is June 20, 2013 (i.e., the date on which Burley states that the Central Office notified him that it was extending its response time to an appeal from July 28, 2013, to August 17, 2013). Accepting as true Burley's allegations that the defendants frustrated his efforts to file informal grievances, administrative remedies, and various appeals and delayed or prevented him from complying with the BOP's administrative remedy process, the statute of limitations for his most recent claim commenced, at the latest, by August 17, 2013. At that point, Burley either knew or should have known that the administrative remedy process was not working as designed, because the Central Office allegedly did not respond to his appeal on the appointed date.

The BOP's failure to respond to a grievance or appeal within the time established by 28 C.F.R. § 542.10.19 is considered a denial, thereby either authorizing the inmate to proceed to the next level of appeal or exhausting the administrative remedy procedure and setting the stage for the filing of a complaint. Thus, under the regulations, when the BOP failed to respond to Burley's final appeal by August 17, 2013, Burley had exhausted his administrative remedies. Therefore, the statute of limitations on Burley's latest constitutional claim ran out on or before August 18, 2014. However, did not file the pending action until January of 2015 – well beyond the expiration of Kentucky's one-year statute of limitations period.

If it is clear from the face of a plaintiff's complaint that the claim is time-barred, it may be dismissed *sua sponte* at the screening stage. *Jones v. Bock*, 549 U.S. 199, 216, (2007) (stating that if the allegations "show that relief is barred by the applicable statute of limitations, the Complaint is subject to dismissal for failure to state a claim") (citing Fed. R. Civ. P. 8(c)).; *see also Alston v. Tenn. Dep't of Corr.*, 28 F. App'x 475, 476 (6th Cir. 2002) (a district court may raise a limitations bar *sua sponte* when the "defect was obvious from the face of the complaint") (citing *Pino v. Ryan*, 49 F.3d 51, 53-54 (2d Cir. 1995)); *Paige v. Pandya*, 238 F.3d 423 (6th Cir. 2000) (affirming dismissal of a § 1983 complaint where "the face of the complaint" plainly indicated that the alleged events transpired long before the complaint was filed). In the present action, it is clear from the face of Burley's Complaint and accompanying affidavit that his claims are barred by Kentucky's one-year statute of limitations.[3] Accordingly, it is hereby

**ORDERED** as follows:

(1)   Plaintiff Martin Burley's *Bivens* claims for alleged violations of his First, Fifth and Eighth Amendments brought under 28 U.S.C. § 1331 are **DISMISSED**, with prejudice, as time-barred.

(2)   All claims having been resolved against all defendants, this action is **DISMISSED** and **STRICKEN** from the docket.

---

[3]   To the extent that Burley alleges that he was denied the proper forms for filing administrative grievances, the Court notes that prisoners have no inherent constitutional right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Alder v. Correctional Med. Servcs.*, 73 F. App'x 839, 841 (6th Cir. 2003).

(3) Judgment will be entered contemporaneously with this Memorandum Opinion and Order in favor of the named defendants.

This 30th day of June, 2015.

Signed By:
*Danny C. Reeves* DCR
United States District Judge